**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| TEMUR ERKINOV, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03239-MBB |
| | ) | |
| JIM C. ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner Temur Erkinov petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). (**Doc. 1**, p. 13). He asks the Court to order the Government to provide such a hearing or immediately release him. (*Id.* at pp. 20-21). Because Petitioner is properly detained under Section 1225(b)(2)(A), and because his continued detention is not contrary to the Constitution, the petition is DENIED.

### Background

Petitioner, a citizen of Kazakhstan, entered the United States illegally on September 14, 2024. (**Doc. 1-2**, p. 6). DHS gave him a notice to appear, which identified him as an "alien present in the United States who has not been admitted or paroled." (*Id.* at p. 9). DHS charged him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and 8 U.S.C. § 1182(a)(7)(A)(i)(I). (*Id.*). On November 22, 2024, DHS paroled Petitioner into the United States under 8 U.S.C. § 1182(d)(5)(A) pending removal proceedings. (*Id.* at p. 13). DHS released him on his own recognizance, ordering him to appear before an immigration judge on February 19, 2025. (*Id.* at p. 14). On January 27, 2025, he applied for asylum. (*Id.* at pp. 21-32). That application is pending. (**Doc. 1**, p. 6). On

September 24, 2025, DHS approved his application for employment authorization. (**Doc. 1-2**, pp. 34-35). Petitioner is scheduled for a hearing before an immigration judge on April 27, 2029. (***Id.*** at pp. 40-43). On April 1, 2026, ICE arrested Petitioner and detained him without bond under 8 U.S.C. § 1225(b)(2)(A). (**Doc. 1**, p. 2). He remains detained. (***Id.***).

On April 21, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He complains that his detention should be governed by Section 1226(a) instead of Section 1225(b)(2)(A) because he was arrested in the United States, where he has lived since 2024. (***Id.*** at pp. 14-15); (**Doc. 4**, p. 2). And he faults the Government for detaining him without providing an individualized bond hearing. (***Id.*** at pp. 9-10); (**Doc. 4**, pp. 4-8). According to Petitioner, the Government's failure to provide such a hearing violated his Fifth Amendment right to due process. (**Doc. 1**, pp. 18-19); (**Doc. 4**, pp. 4-8).

The Government counters that Section 1225(b)(2)(A), not Section 1226(a), is the governing statutory authority. (**Doc. 3**, pp. 2-3). They argue that Petitioner, as an "applicant for admission," is only entitled to the procedural due process provided by Congress in Section 1225(b)(2)(A). (***Id.*** at pp. 2, 6). And they argue that Petitioner's continued detention is not contrary to substantive due process because it does not implicate a fundamental right. (***Id.*** at p. 9).

### Discussion

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See **Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also **Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). "District Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132,

2

1137 (D. Neb. 2025).  *See also* **Johnson v. Mabry**, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden.  He is properly detained under Section 1225(b)(2)(A). And his mandatory detention pending removal proceedings is not contrary to due process.

## I.  Petitioner is properly detained under Section 1225(b)(2)(A) and not Section 1226(a).

Two statutory provisions provide for detention of aliens pending removal proceedings: 8 U.S.C. § 1225(b) and 8 U.S.C. § 1226(a).  Section 1225(b)(2)(A) says that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  **8 U.S.C. § 1225(b)(2)(A)**.  Section 1226(a) says: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  **8 U.S.C. § 1226(a)**.  If the alien is detained, the Attorney General may continue to detain them or release them on bond or conditional parole. **8 U.S.C. § 1226(a)(1)-(2)**.

Petitioner is properly detained under 8 U.S.C. § 1225(b)(2)(A) because he is an "applicant for admission" who is "seeking admission."  *See* **8 U.S.C. § 1225(b)(2)(A)**.  No immigration officer has determined that he is "clearly and beyond a doubt entitled to be admitted." *See id.*

### A.  Petitioner is an "applicant for admission."

An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States."  **8 U.S.C. § 1225(a)(1)**.  "Being 'admitted' does not merely mean being present in the United States; under immigration law, it signifies having made

a lawful entry into the country." ***Avila v. Bondi***, 170 F.4th 1128, 1133 (8th Cir. 2026). "An alien who is paroled . . . shall not be considered to have been admitted." **8 U.S.C. § 1101(a)(13)(B)**.

Petitioner, a citizen of Kazakhstan, was detained in 2024 and paroled pending removal proceedings. His removal proceedings are ongoing, and his asylum application is pending. Petitioner presents no evidence that he has made "made lawful entry into the country." *See Avila*, 170 F.4th at 1133. Even assuming that Petitioner was still on parole at the time of his arrest, it makes no difference. *See* **8 U.S.C. § 1101(a)(13)(B)**. And employment authorization is not admission. *See* ***United States v. Bazargan***, 922 F.2d 844, 849 (8th Cir. 1993). Petitioner is an "applicant for admission" under Section 1225(b)(2)(A).

**A. Petitioner is "seeking admission."**

If an alien is an "applicant for admission," he is also "seeking admission." *Avila*, 170 F.4th at 1134 (holding that "the structure of § 1225(b)(2)(A) does not indicate that 'seeking admission' is a separate requirement for detention under the statute"). In *Avila*, an alien entered the United States illegally in 2016. *Id.* at 1132. DHS encountered him during a traffic stop nine years later, arrested him, initiated removal proceedings, and held him without bond under Section 1225(b)(2)(A). *Id.* The Eighth Circuit held that Section 1225(b)(2)(A) authorized the alien's detention without bond. According to that court, "an alien 'seeks admission' under the statute simply by being 'present in the United States' while having 'not been admitted.'" *Id.* at 1135 (citation omitted).

Here, Petitioner was arrested in the United States, where he has lived since 2024. As discussed, he has not been admitted because he never made "lawful entry into the country." *See id.* at 1133. He is "seeking admission" under Section 1225(b)(2)(A).

4

**B. No immigration officer has determined that Petitioner is "clearly and beyond a doubt entitled to be admitted."**

DHS charged Petitioner as removable and paroled him into the United States pending deportation proceedings. DHS has not resolved that charge. He is not "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**. Section 1225(b)(2)(A) permits the Government to detain him without bond.

**II. Petitioner's continued detention does not violate substantive or procedural due process.**

The bulk of Petitioner's argument focuses on procedural due process. But the Court interprets his "as-applied" due process argument as a reference to substantive due process. So the Court will address both.

**A. Petitioner's continued detention does not violate substantive due process because it does not implicate a fundamental right.**

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner must provide a "careful description of the asserted fundamental liberty interest." ***Washington v. Glucksberg***, 521 U.S. 702, 721 (1997). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See id.* at 728. *See also* ***Minnesota Deer Farmers***, 146 F.4th at 670 ("The fact that a right is acknowledged to be a liberty covered by the Due Process Clause does not

5

automatically render that right 'fundamental' such that any statutory regulation of that right must be subjected to the highest constitutional scrutiny.").

True, freedom from imprisonment "lies at the heart of the liberty [the due process clause] protects." *Zadvydas*, 533 U.S. at 690. But detention during removal proceedings is "a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523-26 (2003) (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). That is because "Congress may make rules as to aliens that would be unacceptable if applied to citizens." *Id.* at 522. "A wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country." *Carlson v. Landon*, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See Glucksberg*, 521 U.S. at 721. He claims that the Government should release him or provide a bond hearing because he is not a flight risk or a danger to the community. And he generally complains that his "prolonged" mandatory detention under Section 1225(b)(2)(A) is unconstitutional. The Court must guess what fundamental liberty interest Petitioner asserts. His substantive due process claim fails for that reason alone.

Regardless, removable aliens like Petitioner have no fundamental liberty interest in a bond hearing or release pending deportation proceedings. Such rights are not "deeply rooted in this Nation's history and tradition." *See Minnesota Deer Farmers*, 146 F.4th at 670; *Demore*, 538 U.S. at 523 n.7 ("In fact, prior to 1907 there was no provision permitting bail for *any* aliens during the pendency of their deportation proceedings.") (emphasis in original); *Romero v. Brown*, 2026 WL 1021455, at *7 (S.D. Iowa Apr. 15, 2026) ("The right he actually asserts—release into the country without lawful admission pending removal—is not deeply rooted in this Nation's history

6

and tradition.") (internal quotation marks omitted). "The rule has been clear for decades:" detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See Baynee v. Garland*, 115 F.4th 928, 931-33 (8th Cir. 2024). Such detention is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See Demore*, 538 U.S. at 528.

**B. Petitioner's continued detention does not violate procedural due process because the Government may detain removable aliens pending deportation hearings simply by reference to Section 1225(b)(2)(A).**

Petitioner urges the Court to evaluate his procedural due process claim under the *Mathews* framework, which employs a multi-factor "reasonableness" test to determine what process is due. (**Doc. 1**, p. 19). *See Mathews v. Eldridge*, 424 U.S. 319 (1976). He complains that his mandatory detention under Section 1225(b)(2)(A) fails that test because he is not a flight risk and he is not a danger to the community. (**Doc. 1**, p. 20). The Government responds that Section 1225(b)(2)(A) provides all the procedural due process due to Petitioner. (**Doc. 3**, p. 2). They claim that "lawful admission—not physical entry—is the touchstone" for when procedural due process requires more. (***Id.*** at p. 7).

The Government is right. Removable aliens may be detained pending deportation "simply by reference to the legislative scheme." *See Baynee*, 115 F.4th at 932. *See also Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (holding that an "applicant for admission" under Section 1225 "has only those rights regarding admission that Congress has provided by statute"). In *Demore*, the Supreme Court held that detention of a removable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See Demore*, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal. *Id.* at 527-29 (holding that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit repudiated any need for a "multi-factor 'reasonableness' test" when

evaluating the length of mandatory detention pending removal proceedings. *Baynee*, 115 F.4th at 933. That court held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" *Id.*, *quoting Demore*, 538 U.S. at 527.

Here, Petitioner is properly detained without bond under 8 U.S.C. § 1225(b)(2)(A). Like the statute in *Demore*, Section 1225(b)(2)(A) only requires detention pending removal proceedings. Petitioner concedes that he is being detained pending removal proceedings. He presents no evidence that the Government is detaining him for any other reason. Because Section 1225(b)(2)(A) requires mandatory detention of removable aliens pending deportation, procedural due process requires no more. *See Baynee*, 115 F.4th at 932.

### Conclusion

Petitioner's continued detention is proper under Section 1225(b)(2)(A) because he is an "applicant for admission" who is "seeking admission." His continued detention does not violate either substantive or procedural due process. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: May 8, 2026

8